UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:03-CR-342-T-27EAJ

MARVIN J. WALKER
_____/

ORDER

On its own motion, the Court directed the parties to address whether Defendant is entitled to a sentence reduction as a result of Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense level for certain defendants convicted of crack cocaine offenses. (Dkt 82).[1] Pursuant to the Court's Order, the Government and Federal Public Defender's Office briefed Defendant's eligibility for a sentence reduction pursuant to Amendment 706. (Dkts. 88, 91). Upon consideration, the Court concludes that Amendment 706 does not affect Defendant's guideline range because he was subject to a statutory minimum mandatory sentence. The subsequent downward departure pursuant to Rule 35 based on Defendant's substantial assistance had no effect on Defendant's applicable sentencing range at the time of sentencing or his eligibility for a sentence reduction pursuant to Amendment 706. Defendant's motion (Dkt. 91) is **DENIED**.

Pursuant to a Plea Agreement, Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute in excess of 50 grams of cocaine base. (Dkts. 33, 43, 46, 48). Based on a Total Offense Level of 25 and a Criminal History Category IV, Defendant's presumptive

---

[1] Amendment 706 lowered the base offense level for cocaine base offenses by two levels for eligible defendants sentenced on or after November 1, 2007. Amendment 706 applies retroactively to defendants sentenced before November 1, 2007.

guideline range would have been 84 to 105 months. However, the offense of conviction carried a minimum mandatory term of imprisonment of 120 months. Accordingly, 120 months became Defendant's guideline sentence. USSG § 5G1.1(b).

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence may be adjusted when a defendant's sentencing guideline range is subsequently lowered as a result of an amendment to the Guidelines Manual. USSG § 1B1.10(a)(1). For eligible defendants convicted of cocaine base offenses, Amendment 706 has the effect of lowering the base offense level by two levels. The procedure for implementing the amendment is set forth in USSG § 1 B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment, is to determine what effect Amendment 706 would have on Defendant's sentencing guideline range, if it had been in effect at the time of his sentencing.

As noted, Defendant was subject to a statutory minimum mandatory term of 120 months. That term became Defendant's "guideline sentence." USSG § 5G1.1(b). Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not, therefore have lowered his "sentencing guideline range." Accordingly, § 3582(c) does not authorize a reduction in his sentence. "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment." USSG § 1B1.10, comment. (n.1(A)); *see United States v. Eggersdorf,* 126 F.3d 1318, 1321 (11th Cir. 1997), *cert. denied,* 523 U.S. 1013 (1998); *United States v. Dimeo,* 28 F.3d 240 (1st Cir. 1994); *United States v. Williams,* 103 F.3d 57 (8th Cir. 1996); *United States v. Johnson,* 517 F.3d 1020 (8th Cir. 2008); *United States v. Goodman,* 2008 WL 616100 (M.D. Fla.

2008).

After Defendant was sentenced, the Government filed a motion to reduce his sentence pursuant to Rule 35 based on substantial assistance. (Dkt. 62). The Government's motion was granted and Defendant's offense level was reduced by two to an offense level 23. His 120 month sentence was reduced to 70 months, the low end of the post-departure guideline range. (Dkts. 71, 73). Defendant contends that Amendment 706's two level reduction should be applied to this "post-departure" offense level (Dkt. 91, p. 2). Defendant's contention is foreclosed by Eleventh Circuit precedent. *United States v. Smith*, 2009 WL 1741530 (11th Cir. 2009)(Rule 35 departure has no effect on eligibility for Amendment 706 sentence reduction where defendant subject to mandatory minimum.).

The applicable mandatory minimum replaced Defendant's guideline range. *United States v. Williams*, 549 F.3d 1337, 1341 (11th Cir. 2008)(Where "the mandatory minimum exceeds the range for the entire offense level, the "guideline sentence" would thus be the same as the "guideline range," even if it involves a "range" of only one number."); *United States v. McChriston*, 2009 WL 2076308, 1 (11th Cir. 2009)( "Where the statutory minimum sentence exceeds the top end of the applicable guideline range, the statutory minimum becomes the guideline."). A guideline departure from Defendant's mandatory minimum based on substantial assistance accordingly did not eliminate the applicable mandatory minimum. *United States v. Williams*, 549 F.3d at 1341; *United States v. Smith, United States v. McChriston. supra*. Amendment 706 therefore did not lower Defendant's sentencing range and he is ineligible for a reduction in his sentence. *Id.*

A defendant's eligibility for a sentence reduction as a result of Amendment 706 is determined by his offense level and sentencing range at the time of sentencing, rather than his post-departure

offense level. USSG § 1B1.10(b)(district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect *at the time of sentencing*.")(emphasis added). Accordingly, the post-departure guideline range is irrelevant to his eligibility for a sentence reduction pursuant to Amendment 706. *See United States v. Lindsey*, 556 F.3d 238 (4th Cir. 2009)(USSG § 5K1.1 departure had no effect on eligibility for Amendment 706 reduction); *United States v. Williams, supra; United States v. McChriston. supra* ("The Sentencing Commission's application notes indicate that the operation of "a statutory mandatory minimum term of imprisonment" would prevent an amendment from "hav[ing] the effect of lowering the defendant's applicable guideline range.")(quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)).

Defendant's sentence was not "based on" a guideline sentencing range which was subsequently lowered by Amendment 706. His sentence was based on a statutory mandatory minimum, which replaced his guideline range. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's motion for reduction of sentence (Dkt. 91) is DENIED.

**DONE AND ORDERED** in chambers this 3rd day of August, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant
Office of the Federal Public Defender
Office of the United States Attorney
U.S. Probation Office